UNITED STATES DISTRICT COURT
SOURHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ARTHUR FRIDMAN, on behalf of themselves
individually, and on behalf of all other similarly          CIV. No. 17-CIV-6698 (RWS) (BCM)
situated Plaintiffs,

                              Plaintiff,

        against

GCS COMPUTERS LLC ("GCS"), JIM
GOTTLIEB, TOM CROWN, ABC
CORPORATION and JOHN DOE 1-3,

                              Defendants.
-----------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT


SCOTT A. ROSENBERG P.C.
Attorneys for Defendants
GCS Computers, LLC, Jim Gottlieb
and Tom Crown
By: Scott A. Rosenberg (SR 9817)
2400 Jericho Turnpike, Suite 201
Garden City Park, New York 11530
Tel: (516) 877-7205

## TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………..……5

STATEMENT OF FACTS………………………….…………………………………….6

MOTION TO DIMISS STANDARD……………………………………………………7

POINT I……………………………………………………………………………….....8

      PLAINTIFF HAS FAILED TO SUFFIICENTLY PLEAD A CLAIM………………..8

POINT II……………………………………………………………………………....…13

      PLAINTIFF'S CLAIMS UNDER THE NYLL SHOULD BE DISMISSED………...13

CONCLUSION…………………………………………………………………….……15

## TABLE OF AUTHORITIES

### CASES

Aegis Ins. Servs v. 7 World Trade Co.,
    737 F. 3d 166 (2d Cir. 2013)……………………………………………………...8

Amponin v. Olayan America Corp.,
    No. 14-Civ-2008 (S.D.N.Y), 2015 WL 1190080…………..…………………………10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)……………………………………………………………………7

Ayala v. Looks Great Services, Inc.,
    No. 14-CV-6035, 2016 WL 3541548 (E.D.N.Y 2016)................................................12

Bustillos v. Acad. Bus, LLC,
    No. 13-Civ-0565, 2014 WL 116012 (S.D.N.Y. 2014)………………………..………10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)…………………………………………………...…………..7, 8

Cromwell v. New York City Health & Hosps. Corp.,
    No. 12-Civ-4251, 2013 WL 2099252 (S.D.N.Y 2013)……………………………….14

DeJesus v. HF Management Services LLC,
    726 F. 3d 85 (2d Cir. 2013)……………………………………………………8, 9

Grullon v. City of New Haven,
    720 F. 3d 133, 139 (2d Cir. 2013)………………………………...………………8

James v. Countryside Financial Corp.,
    849 F. Supp. 2d 296 (E.D.N.Y 2012)………………………...……………………13

Johnson v. Equinox Holding, Inc.,
    No. 13-Civ-6313, 2014 WL 3058438 (S.D.N.Y. 2014)………………………..….…10

Klein & Co. Fixtures v. Board of Trade of City of New York,
    464 F. 2d 255 (2d Cir. 2006)………………………………………………...………..14

Lundy v. Catholic Health System of Long Island,
    711 F. 3d 106, 114 (2d Cir. 2013)……………………………………………8, 9, 13

McCarthy v. Dun & Bradstreet Corp.,
    482 F. 3d 184………………………………………………………...…………….6

Nakahata v. New York Presbyterian Health Care Sys.,
  723 F. 3d 192 (2d Cir. 2013)……………………………………….………..8, 9

Perkins v. 199 SEIU United Health Care Workers E.,
  73 F. Supp. 3d 278 (S.D.N.Y 2014)……………………………………………..…10

Port Dock & Stone Corp. v. Oldcastle Northwest, Inc.,
  507 F. 3d 117, 1121 (2d Cir. 2007)………………………………………………8

Walker v. The Interfaith Nutrition Network, Inc.,
  No. 14-Civ-5419, 2015 WL 4276174 (E.D.N.Y 2015)……………………………14

Yang Li v. Ya Yi Cheng,
  No. 10-Civ-4664, 2012 WL 1004852 (E.D.N.Y 2012)……………………………14

## STATUTES

28 U.S.C. §1367 (c)……………………………………...…………………………………5, 13

29 U.S.C. § 201……………………………………………..…………………………5

New York Labor Law §190 *et. seq.* ………………………………...………………………5

## PRELIMINARY STATEMENT

Defendants GCS Computers, LLC ("GCS"), Jim Gottlieb, and Tom Crown (collectively, the "Defendants"), by their attorneys, Scott A. Rosenberg, P.C., respectfully submits this memorandum of law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint dated September 6, 2017 ("Complaint").

Plaintiff Arthur Fridman ("Plaintiff") commenced this action claiming that Defendants, in violation of the Fair Labor Standard Act, 9 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law §190 *et. seq.* ("NYLL"), failed to pay him overtime wages while he was an employee of GCS. Plaintiff's form Complaint however, is deficient on its face and should be dismissed.  In particular, the Complaint merely contains general conclusory boiler-plate allegations which are devoid of any specific allegations relating to his claim of unpaid overtime wages. Therefore, as more fully detailed below, absent any such specific factual content, the Complaint should be dismissed as a matter of law.

In addition to Plaintiff's sole federal claim under the FLSA, the Plaintiff also asserts three (3) state court claims under the NYLL, some of which are duplicative of the FLSA claim, and therefore they should be dismissed for the same reasons as the FLSA claims.  In any event, to the extent the FLSA claim is dismissed as requested above (and the NYLL claims are not dismissed for the same reasons), the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, if any.  Indeed, at this early stage of the litigation, Courts in this Circuit routinely decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 (c) where the sole federal claims are dismissed.

## STATEMENT OF FACTS[1]

Defendant GCS is a limited liability company organized under the laws of the state of New York and is in the business of selling, and providing technical support for point of sale ("POS") systems to various hotels, bars, clubs and health food providers. Defendants Jim Gottlieb and Tom Crown are principals of and/or part of the management of GCS. (Rosenberg Dec., Exhibit A; Complaint ¶¶11-13, 29).

"[I]n and around October 2016 until approximately March 2017", Plaintiff was an employee of GCS as a Field Technician. As such, Plaintiff alleges that he was an employee of GCS for "approximately six (6) months". As a Field Technician, Plaintiff's primary duties consisted of providing technical support for GCS's customers whereby his mandatory hours were Thursday to Monday, 11:00 AM to 7:00 PM. (Rosenberg Dec., Exhibit A; Complaint ¶¶16, 18, 19 and 29).

Without any further details, Plaintiff claims that GCS somehow misclassified his employment status as "exempt" as it relates to the overtime requirements provided under the FLSA and NYLL, and as a result of the misclassification, the Defendants failed to pay him the "proper overtime premiums, or any additional compensation for the hours in excess of 40-hours that he worked each week" despite the fact he "routinely and systematically worked a total of ten hours or more in excess of 40 hours per work week, as a matter of policy." (Rosenberg Dec., Exhibit A; Complaint ¶¶17 and 26).

---

[1] The factual allegations set forth in the Statement of Facts are based on the allegations in Complaint and therefore they are accepted as true by the Defendants solely for the purposes of this motion. A copy of the Complaint is attached to the accompanying Declaration of Scott A. Rosenberg dated December 15, 2017 ("Rosenberg Dec.") as Exhibit A. See, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor).

Significantly, other than the vague boilerplate allegations set forth in the Complaint, the Complaint essentially contains no specific facts, or details relating to Plaintiff's unpaid overtime claim. However, the law in this Circuit is clear. A complaint as in this case, which asserts a claim under the FLSA and NYLL, which contains nothing more than conclusory allegations that he "routinely and systematically" worked ten hours "or more" without proper compensation for any such occasion, without more details or specificity as to overtime hours purportedly worked, cannot be sustained and should be dismissed for failing to plead sufficient facts.[2]

## ARGUMENT

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be

---

[2] Plaintiff also purports to bring this action himself and "on behalf of all other similarly situated Plaintiffs". However, the Complaint has no allegations or facts supporting any claim of any other employees with the same claim. Regardless the Complaint suffers the same pleading insufficiencies as to the unnamed plaintiffs, as it does with Plaintiff, thereby warranting dismissal.

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544.

When deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions". Thread bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. See also, Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F. 3d 117, 121 (2d Cir. 2007).

Notably, the Second Circuit applied the pleading standards set forth above, in the context of claims brought under the FLSA and NYLL as it relates to pleading unpaid overtime claims. See, Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F. 3d 106 (2d Cir. 2013); Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F. 3d 192 (2d Cir. 2013); DeJesus v. HF Management Services, LLC, 726 F. 3d 85 (2d Cir. 2013). Nevertheless, despite the pleading requirements articulated by the Courts of this Circuit as it relates to FLSA and NYLL claims, the Plaintiff here has utterly failed to properly plead a claim under the FLSA or NYLL.

## POINT I

### PLAINTIFF HAS FAILED TO SUFFICENTLY
### PLEAD A CLAIM UNDER THE FLSA OR NYLL

The law in this Circuit is well settled.  In order for a plaintiff, as in this case, to prosecute a claim under the FLSA and NYLL, the plaintiff must plead more than mere

conclusory assertions which are devoid of any supporting factual context in order to make the claim plausible and not just speculative.

In Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F. 3d 106 (2d Cir. 2013), the Second Circuit held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given work week, as well as some uncompensated time in excess of the 40 hours. Lundy, 711 F. 3d at 114. Notably, in Lundy the Court dismissed plaintiff's overtime claims based on allegations that she "typically" worked 37.5 hours per week in addition to uncompensated meal breaks, time before, and after shift trainings" which could theoretically put her over the 40 hour mark in one or another unspecified week (or weeks" because such allegations "suppl[ied] nothing but low octane fuel for speculation not the plausible claim that is required" Id. at. 114-115.

Thereafter, the Second Circuit in Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F. 3d 192 (2d Cir. 2013) held that in order to plead a sustainable FLSA claim, a plaintiff must provide "sufficient detail about the length  and frequency of their unpaid  work to  support  a reasonable inference  that they worked more than forty hours in a given week" Id. at 201.

Most recently, the Second Circuit in DeJesus v. HF Management Services, LLC, 726 F. 3d 85 (2d Cir. 2013) dismissed plaintiff's FLSA claim because "she did not estimate her hours in any or all weeks or provide any other factual context or content." Id. at 89.   The DeJesus Court further stated that "Lundy's requirement that plaintiffs must allege overtime without compensation in a given work week, was not an invitation to provide an all purpose pleading template alleging overtime in 'some or all workweeks.'  It was designed to require

plaintiffs to provide some factual context that will 'nudge" their claim from conceivable to plausible. Id. at 90.

As a results of the foregoing decisions, Courts in this Circuit, in order to permit a FLSA and/or NYLL claim to proceed, have required plaintiffs to plead with some particularity and factual basis of the overtime hours alleged not paid. General boiler-plate pleadings, as in this case, will not suffice and will subject the complaint to dismissal. See, Johnson v. Equinox Holdings, Inc., No. 13-CV-6313, 2014 WL 3058438, at *4 (S.D.N.Y. 2014) (dismissing unpaid overtime claim where the plaintiff "relie[d] solely upon the Complaint's allegation that between 2006 and 2011 he 'typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock'"); Perkins v. 199 SEIU United Healthcare Workers E., 73 F. Supp. 3d 278 (S.D.N.Y. 2014) (dismissing unpaid overtime claim where the plaintiff only alleged that "`[a]t all relevant times' since 2008, he `was assigned and actually worked more than 40 hours per week,' and that the [defendant] failed to pay him overtime compensation"); Amponin v. Olayan America Corp., No. 14 Civ. 2008, 2015 WL 1190080  at *3 (S.D.N.Y. 2015) (Plaintiff identify neither specific week during which she worked more than 40 hours nor the specific number of hours she worked during any such week warranted dismissal of FLSA any NYLL claims); Bustillos v. Acad. Bus, LLC, No. 13-CV-0565, 2014 WL 116012, at *3 (S.D.N.Y. 2014) (Plaintiff's allegations boils down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week).

Here, the Plaintiff has utterly failed to set forth any factual content in his Complaint, as required by the prevailing authority, to support his claim for unpaid overtime hours under the

10

FLSA and NYLL.  Plaintiff's Complaint contains only general allegations of unpaid overtime with nothing more. For instance, the Complaint does not to provide (i) any estimation of the number of overtime hours worked on any specific date or week, (ii) any estimation of the number of overtime hours worked generally, (iii) any details regarding the start and end time of work for on any specific date, (iv) any specific details relating to the "spread" hours purportedly worked, (v) any specific inconsistencies on pay slips, or (vi) the amount of compensation allegedly owed.  The Complaint contains no factual support relating to the overtime hours purportedly worked and when thereby making the claims implausible. It would be simply be inequitable and improper to have the Defendants (and this Court) guess as to nature of the claims which is why Courts require more. In order for the Complaint to be sustained, the Plaintiff is required more detail as to, among other things, the dates and amount of overtime hours purportedly worked.  Here he does not.

In fact, the sole factual allegations as they relate to the extent of purported unpaid overtime wages, as plead by Plaintiff, is as follows:

26.   Although Mr. Fridman [Plaintiff] routinely and systematically worked a total of ten hours or more in excess of 40 hours per work week, as a matter of policy, Defendants did not, and have not even compensated Mr. Fridman properly at the minimum wage rate and/or overtime premium rate of pay and for any/or all hours worked in excess of 40 hours per work week, nor have Defendants properly paid Mr. Fridman "spread hours" compensation for any occasion on which Mr. Fridman works and/or worked over 10 hours per day (i.e. every Sunday, Tuesday, Friday and Saturday, throughout the duration of his employment.

27.   Mr. Fridman would routinely work longer hours than which were listed on his pay slips.  He would enter his hours into the employer's systems per procedure, however, when he received his pay the hours would be systematically and willfully reduced.

39.   During his employment with the Defendants, within the applicable statute of limitations, Plaintiff worked in excess of forty (40) hours per

11

work week without proper compensation, either at the minimum wage rate or overtime premium rate. [2]

(Rosenberg Dec., Exhibit A; Complaint ¶¶26, 27, 39).

As detailed in the authority cited above, the facts as plead above, which indisputably contains no specificity whatsoever as to the overtime hours allegedly worked, is exactly the type of complaint that Courts have continuously and routinely rejected based on the decisions in Lundy, Nakahata, and DeJesus. Form boilerplate complaints simply will not suffice.

For instance, in Ayala v. Looks Great Services, Inc., No. 14-CV-6035, 2016 WL 4509133 (E.D.N.Y 2015), the plaintiff asserted the following factual allegations in support of his FLSA claim: "throughout their employment by [the] Defendants, [the] Plaintiffs worker more than ten (10) hours from Monday through Saturday every workweek." Faced with these factual allegations, the Ayala Court ruled as follows:

> The amended complaint, like the amended complaint in DeJesus, does not estimate the number of overtime hours the Plaintiffs worked in any of or all the weeks they were employed. The amended complaint in this case, like the complaint in DeJesus, "track[s] the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation.

Id. at *8.

Significantly, the allegations in the Complaint here, are strikingly similar to the allegations contained in the amended complaint in Ayala (and the additional cases cited above). As with the amended complaint in Ayala, the Complaint here does nothing more than track the statutory language of the FLSA and asserts nothing more than general allegations that throughout his employment, the Plaintiff worked more than ten (10) hours from Thursday

---

[2] Pursuant to the FLSA, covered nonexempt workers are entitled to a minimum wage of not less than $7.25 per hour effective July 24, 2009. Thus, any claim that Plaintiff was not paid minimum wage is belied by his own pleadings which state he was paid $15-$16 per hour. (Rosenberg Dec., Exhibit A, Complaint ¶19).

to Monday---with no further details, facts, or specificity.  As such, the Complaint does not comply with the pleading requirements articulated by this Circuit. Without more specificity, the Complaint as plead cannot be sustained.

Moreover, Plaintiff's overtime claim appears to be premised that he was incorrectly classified as an exempt under the FSLA and NYLL. (Rosenberg Dec., Exhibit A; Complaint, ¶17).  Yet, the only allegation Plaintiff makes regarding this critical fact is that "Defendants misclassified Mr. Fridman as 'exempt' from the overtime requirements" which is fatal.  The Complaint does not contain any allegations setting forth how his job duties bear on his exemption status or whether how he was improperly classified as exempt. See, James v. Countryside Financial Corp., 849 F. Supp. 2d 296 (E.D.N.Y. 2012) (this Court dismissed FLSA and NYLL overtime claims based in part on plaintiff's failure to plead any factual allegations as to whether the positions he was working were exempt).

Even the so-called facts provide in the Complaint are inconsistent, which give them no probative value. In particular, paragraph 18 of the Complaint alleges that Plaintiff worked from "Thursday to Monday".  However, in paragraph 26 of the Complaint, which is the critical paragraph of the Complaint, Plaintiff alleges that Plaintiff worked every Sunday, Tuesday, Thursday, Friday and Saturday throughout the duration of his employment. Thus, Plaintiff's own pleading contradict the dates of the Plaintiff's purported work week rendering the remaining allegations implausible.

Thus, based on the Plaintiff's failure to properly plead a claim under the FLSA and NYLL and the authority cited above, Defendants' motion should be granted.

## POINT II

## PLAINTIFF'S CLAIMS UNDER THE NYLL SHOULD BE DISMISSED

In addition to the FLSA claim (First Cause of Action), the Plaintiff also asserts three (3) other claims under the NYLL for (i) failure to pay minimum wage and/or overtime compensation, (ii) violation of spread of hours, and (iii) failure to furnish wage statements. At a minimum, the Second and Third Cause of Action appear to be duplicative of the FSLA claim. Nevertheless, in the event that the Court dismisses the Plaintiff's sole claim federal claim under the FSLA, the NYLL claims should also be dismissed for the same reasons. See, Lundy, 7111 F. 3d at 118 (the same pleading requirements for plaintiffs FLSA claim apply to her claim under NYLL). However, to the extent that the Court holds otherwise, this Court should decline supplemental jurisdiction over the Plaintiff's surviving state law claims, if any, and dismiss such claims.

Courts in this Circuit have, in their discretion, routinely declined to exercise supplemental jurisdiction where the court has dismissed all of the plaintiff's federal claims. See, Klein & Co. Fixtures v. Bd. of Trade of City of New York, 464 F. 3d 255, 262 (2nd Cir. 2006) (It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state court claims.); Walker v. The Interfaith Nutrition Network, Inc., No. 14 CV 5419, 2015 WL 4276174 at *5 (E.D.N.Y. 2015) (Having dismissed the plaintiffs FLSA claims, there is no longer any independent basis for federal jurisdiction in this action); Cromwell v. NY City Health & Hasps. Corp., No. 12-CV-4251, 2013 WL 2099252 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately plead); Yang Li v. Ya Yi Cheng, No. 10-CV-4664, 2012 WL 1004852 at *4 (E.D.N.Y. 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

Based on the forgoing authority, to the extent the Plaintiff's NYLL claims survive the Defendants' motion to dismiss, it is respectfully requested that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 (c) and dismiss any remaining state court claims on the grounds that there is no independent jurisdictional basis for the Court to hear the claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Defendants' motion in its entirety, as well as such other and further relief as is just and proper under the circumstances.

Dated:      Garden City Park, New York
            December 15, 2017

SCOTT A. ROSENBERG P.C.
Attorneys for Defendants
GCS Computers, LLC, Jim Gottlieb and
Tom Crown

By: _____
       Scott A. Rosenberg, Esq. (SR 9817)
2400 Jericho Turnpike, Suite 201
Garden City Park, New York 11530
Tel: (516) 877-7205

15