```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
ARTHUR FRIDMAN, on behalf of themselves,              17 Civ. 6698
individually, and on behalf of all other
similarly situated Plaintiffs,                        OPINION and ORDER

                      Plaintiff,

     -against-

GCS COMPUTERS LLC ("GCS"), JIM GOTTLIEB,
TOM CROWN, ABC CORPORATION and JOHN DOE 1-13,

                      Defendants.
---------------------------------------------X

A P P E A R A N C E S:


          Attorney for Plaintiff

          DANNY GRACE, P.C.
          222 Broadway, 19th Floor
          New York, NY 10038
          By:  Danny Grace, Esq.


          Attorney for Defendants

          SCOTT A. ROSENBERG P.C.
          2400 Jericho Turnpike, Suite 201
          Garden City Park, NY 11530
          By:  Scott A. Rosenberg, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-27-18

**Sweet, D.J.**

Defendants GCS Computers ("GCS"), Jim Gottlieb ("Gottlieb"), and Tom Crown ("Crown," and, together with GCS and Gottlieb, the "Defendants") have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of Plaintiff Arthur Fridman ("Fridman" or the "Plaintiff"), which alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL") Article 19 § 650, *et seq.*

Based upon the conclusions set forth below, Defendants' motion is granted, and Plaintiff is granted leave to replead any dismissed claims within 21 days.

**Prior Proceedings**

On September 6, 2017, Plaintiff filed his complaint, which alleges violations of the FLSA and NYLL. See Compl. ¶¶ 36-58, Dkt. No. 3. On December 4, the action was ordered closed for failure to prosecute and, on December 6, reopened for good cause shown. Dkt. Nos. 10, 12.

1

On December 15, Defendants filed the instant motion to dismiss. Dkt. No. 14. The motion was heard and marked fully submitted on February 28, 2018.

**Facts**

The complaint sets forth the following facts, which are assumed true for the purpose of this motion to dismiss. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012).

From approximately October 2016 until March 2017, Fridman worked as a Field Technician at GCS. Compl. ¶¶ 10-11, 16, 19. During this time, Gottlieb was the owner of GCS, and Crown was Fridman's supervisor at GCS. Compl. ¶¶ 12-13. Gottlieb and Crown were responsible for hiring Fridman, GCS' employment and pay practices, and general day-to-day supervision of GCS employees. Compl. ¶¶ 30-35.

As a Field Technician, Fridman's provided hardware and software support for a point of sale system called Rpower to GCS' clients. Compl. ¶ 29. Fridman was paid bi-monthly, initially at a rate of $15 per hour, which was later raised to $16 per hour. Compl. ¶¶ 16, 19. Fridman was assigned to work at

GCS from 11:00 a.m. until 7:00 p.m., Thursday through Monday, without scheduled or unscheduled breaks.¹ Compl. ¶¶ 18, 21. GCS rarely provided Fridman holidays off, and Fridman never took personal or sick days. Compl. ¶¶ 24-25.

Fridman "routinely and systematically worked a total of ten hours or more in excess of forty hours per workweek," Compl. ¶ 26, which were not reflected on his paystubs because his hours would be "systematically" reduced by Defendants, Compl. ¶ 27. Moreover, while a GCS employee, Fridman was improperly classified as "exempt," and did not receive overtime or "spread of hours" compensation for time he worked in excess of forty hours per week. Compl. ¶¶ 17, 26.

In addition to himself, Fridman brings his complaint on behalf of "similarly situated workers who worked or may have worked at GCS." Compl. ¶ 1.

---

¹ Curiously, at another point in his complaint, Plaintiff alleges he worked "every Sunday, Tuesday, Thursday, Friday, and Saturday throughout the duration of his employment." Compl. ¶ 26. In either case, viewed liberally, Plaintiff has sufficiently alleged he worked for GCS five days per week.

3

**The Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted). Of course, the plausibility threshold is not a one size fits all showing; it is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information

4

that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

**The Motion to Dismiss the Complaint is Granted**

To state an overtime compensation claim under FLSA requires plausibly alleging certain statutorily prescribed elements.[2]

---

[2] For the purposes of this motion, the requirements to state FLSA and NYLL overtime violations are largely the same, and so the "conclusion below about the FLSA allegations apply equally to the NYLL state law claims." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 n.5 (2d Cir. 2013); see also Werst v. Sarar USA Inc., No. 17 Civ. 2181 (VSB), 2018 WL 1399343, at *5 (S.D.N.Y. Mar. 16, 2018) ("The overtime requirement under the NYLL is identical to the requirement under the FLSA for the purposes of this motion [Rule 12(b)(6)]."); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (employing the same method as FLSA for calculating overtime wages).

First, the plaintiff must allege an employee-employer relationship between the plaintiff and the defendant. See 29 U.S.C. § 207(a)(1). Second, the plaintiff must allege that the work involved some kind of interstate activity. See id. Third, "a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). In addition, in instances "where a plaintiff brings an FLSA claim 'for and in behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." Zhong v. Aug. Aug. Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (citing 29 U.S.C. § 216(b)).

Defendants do not dispute that they were Plaintiff's employer or that their business engaged in interstate commerce. Rather, the gravamen of Defendants' dismissal motion is that Plaintiff's complaint contains insufficient factual support for, and fails plausibly to allege, his claims of overtime

6

violations. See Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl. ("Defs.' Mem.") 10-13, Dkt. No. 16.

A trilogy of Second Circuit opinions from 2013—Lundy, Nakahata, and Dejesus—are regularly relied upon to illustrate the contours of specificity required in this circuit to state an overtime claim under FLSA and NYLL.

In Lundy, the Second Circuit held that plaintiffs failed to state an FLSA claim because they did not allege a "single workweek in which they worked at least [forty] hours and also worked uncompensated time in excess of [forty] hours" and needed to do more than merely plead that they worked "occasional" overtime. Lundy, 711 F.3d at 114-15; see also id. at 114 n.7 (noting that an approximation of hours worked per week "may help draw a plaintiff's claim closer to plausibility"); Dejesus, 726 F.3d at 88 ("[The Second Circuit] reasoned that the Lundy plaintiffs had failed to allege that they worked uncompensated overtime because, although the employees went to some lengths to approximate the hours they typically worked, even setting out their typical breaks and shift lengths, the hours alleged did not add up to a claim that over forty hours had been worked in any particular week.").

7

Next, in Nakahata, the plaintiffs alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours," but the Second Circuit still found the claims insufficiently alleged because it only "raise[d] the possibility that [the] [p]laintiffs were undercompensated." Nakahata, 723 F.3d at 199, 201. To plausibly plead, the court stated that the plaintiffs needed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Id. at 201; see also Dejesus, 726 F.3d at 89 (second alteration in original) (quoting Nakahata, 723 F.3d at 201) ("[The Second Circuit in Nakahata] concluded that the allegations lacked the 'specificity' required, because though they 'raise[d] the possibility' of an overtime claim, 'absent any allegation that Plaintiffs were scheduled to work forty hours in a given week,' they did not state a plausible claim for relief.").

Finally, in Dejesus, the plaintiff pled that she worked more than forty hours a week in "some or all weeks" without being paid "1.5 times her rate of compensation." Dejesus, 726 F.3d at 89 (internal quotation marks omitted). The Second

8

Circuit found these allegations insufficient to state a claim because the plaintiff only repeated FLSA's statutory language and failed to "estimate her hours in any or all weeks or provide any other factual context or content." Id.; see id. at 87 (quoting the district court's observation that the plaintiff failed to state a claim for overtime violations because she did not "set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due").

Following the line delineated by these authorities leads to the conclusion that Plaintiff's allegations are insufficiently alleged. Plaintiff's complaint includes his position, general wages, and responsibilities at GCS. Compl. ¶¶ 16, 19, 29. Plaintiff further alleges that he was almost never afforded vacations, sick days, or other absences from work. Compl. ¶¶ 24-25. Plaintiff also alleges that he did not have a scheduled or unscheduled break in his work day. Compl. ¶ 22. Taking those statements as true, Plaintiff's workplace policies are inconsiderate. Even taken as true, however, these allegations do not themselves plausibly allege FLSA overtime violations—even without breaks, Plaintiff's alleged assigned workweek would amount to exactly forty hours. See Compl. ¶ 18.

9

Rather, the only allegations relating to overtime in the complaint are when Plaintiff alleges that he "routinely" worked a total of ten or more hours over forty hours per week. Compl. ¶¶ 26-27; see id. ¶ 39. Yet at no point in the complaint does Plaintiff allege a single particular week he worked more than forty hours or attempt to estimate the number of overtime hours he worked in any of the weeks employed. While adequate pleadings do not require "mathematical precision," Plaintiff's current allegations are not enough. Dejesus, 726 F.3d at 90. A plaintiff is "reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours." Perkins v. 199 SEIU United Healthcare Workers E., 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014). While Plaintiff "may not possess the complete documentary records regarding the hours that [he] worked," Plaintiff needs to provide "content and context to [his] allegations to make [his] overtime claim plausible." Ayala v. Looks Great Servs., Inc., No. 14 Civ. 6035 (ADS) (SIL), 2015 WL 4509133, at *9 (E.D.N.Y. July 23, 2015); see also Perkins, 73 F. Supp. 3d at 289 (internal citations omitted) (dismissing FLSA

overtime claim when the plaintiff's complaint alleged "only that, '[a]t all relevant times' since 2008, he 'was assigned and actually worked more than 40 hours per week,' and that the Hospital failed to pay him overtime compensation"); Bustillos v. Acad. Bus, LLC, No. 13 Civ. 565 (AJN), 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim because "there should be sufficient factual allegations in the Amended Complaint—rather than a general and conclusory allegation as to the number of hours 'routinely' worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation").[3]

In fact, the only authority cited by Plaintiff in his papers, Paganas v. Total Maint. Sol., LLC, 220 F. Supp. 3d 247 (E.D.N.Y. 2016), vacated on other grounds, No. 17 Civ. 40, 2018 WL 1251789 (2d Cir. Mar. 12, 2018), supports this outcome. There, the plaintiff bringing an FLSA overtime claim provided the court with a "calendar" that listed "specific events, as

---

[3] Sufficiently plead complaints have, for example, included available corroborating documentation, like emails, or charts showing approximate hours worked per week. See, e.g., Werst v. Sarar USA Inc., No. 17 Civ. 2181 (VSB), 2018 WL 1399343, at *6 (S.D.N.Y. Mar. 16, 2018). As noted above, Plaintiff's pleadings contain no comparable factual support.

11

well as the date and time during which they occurred" and onto which "plaintiff marked the events at which he worked." Id. at 257-58. On summary judgment, the court found the overtime claim adequately pleaded because, "[b]ased on these notations, a trier could find that plaintiff worked specific hours in excess of forty hours per week during September and October of 2009." Id. at 258 (collecting cases). While evidence presented at the summary judgment stage in Paganes came through discovery, see id. at 257, Plaintiff here has not alleged any comparable "factual context" that "nudge" his claim "from conceivable to plausible." Dejesus, 726 F.3d at 90 (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 570).[4]

---

[4] In his complaint, Plaintiff alleges to bring his suit on behalf of both himself and others similarly situated. See Compl. ¶ 1. FLSA permits this, see 29 U.S.C. § 216(b), but courts have "held plaintiffs must, at least, provide 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law.'" Zhong, 489 F. Supp. 3d at 630 (quoting Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). As presently written, the complaint does not contain names or reference to any other plaintiff. Moreover, the allegations made about unlawful employment practices at GCS as applicable to employees aside from Plaintiff are threadbare to non-existent. Should Plaintiff intend to continue to pursue this route, perhaps to seek collective action certification, it would be beneficial to include a more fulsome and detailed account of any such allegations.

Dismissing Plaintiff's FLSA claim leaves only Plaintiff's NYLL state law claims. See Compl. ¶¶ 44-58. Under 28 U.S.C. § 1367(c)(3), a federal court "may decline to exercise supplemental jurisdiction over a [supplemental state claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." Where, as here, "a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction" over the remaining state law claims. Arbaugh v. Y & H Corp., 546 U.S. 500, 515 (2006). The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment of the values of judicial economy, convenience, fairness, and comity. Lundy, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." Id. at 118 (internal quotation marks and alterations omitted). None of the factors listed leans towards retaining jurisdiction, and as such supplemental jurisdiction is denied over Plaintiff's remaining state law claims. See Bustillos, 2014 WL 116012, at *5 (collecting cases).

The Second Circuit has instructed courts in this circuit to take a "liberal" position towards allowing plaintiffs to amend

claims that have been dismissed pursuant to Rule 12(b)(6). See, e.g., Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006). Such an opportunity is appropriate here. See Fed. R. Civ. P. 15(a). Accordingly, Fridman will be allowed to replead his complaint, should he choose, so "his claims may be tested on their merits." Zhong, 498 F. Supp. 2d at 632.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted.

Plaintiff is granted leave to file an amended complaint to replead any of the claims dismissed herein within 21 days of this Opinion and Order.

It is so ordered.

**New York, NY**
**March 27, 2018**

_____
ROBERT W. SWEET
U.S.D.J.