UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR FRIDMAN, on behalf of themselves individually, and on behalf of all other similarly situated Plaintiffs<br><br>Plaintiff,<br><br>vs.<br><br>GCS COMPUTERS, LLC ("GCS"), Jim Gottlieb, Tom Crown, ABC Corporation, and John Does 1–3.<br><br>Defendants. | AMENDED COMPLAINT<br><br>Case No.: 1:CV 17-6698 |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Arthur Fridman, ("Plaintiff" or "Mr. Fridman"), by and through his attorneys, Danny Grace, P.C., as and for his Amended Complaint in this action against Defendant GCS Computers, LLC ("GCS"), Jim Gottlieb, Tom Crown, ABC Corporation, and John Does 1-3, (together "Defendants") alleges as follows:

**PRELIMINARY STATEMENT**

1. This action is brought to redress Defendants' unlawful failure to pay (i) minimum wage; (ii) overtime compensation and (iii) "spread of hours" compensation to Plaintiff and similarly situated workers who worked or may have worked at GCS Computers, LLC, for all hours worked, in violation of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and in violation of the New York Labor Law §§ 190, *et seq.* ("NYLL").

2. GCS, its owners, and managers decided it was more important to line their own pockets than abide by federal and state wage and hour laws. GCS continuously took advantage of Plaintiff's undeniable loyalty to the company, and then retaliated against him when the instant issue arose.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this action is brought under the FLSA pursuant to 29 U.S.C. §§ 207 *et seq.*

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage and hour violations that have given rise to Plaintiff's claims as alleged herein occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Defendants maintain a principal place of business in New York City and are subject to personal jurisdiction in New York.

## PROCEDURAL REQUIREMENTS

8. On March 27, 2018, the Court ruled that Plaintiff's initial Complaint (ECF Document 3), was to be dismissed without prejudice, and Plaintiff had leave to replead any dismissed claims within 21 days. This Amended Complaint ensues.

9. Contemporaneous with the filing of the initial Complaint, Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

10. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

11. Plaintiff Arthur Fridman is a former employee of the Defendants and resides in the State of New York.  Prior to his termination, he was employed by Defendants at 266 West 37th

Street 19th Floor, New York, NY 10018, for approximately six months as a Field Technician. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

12. Defendant GCS Computers, LLC ("GCS), is a domestic business corporation duly organized under the laws of the State of New York, with corporate headquarters at 266 West 37th Street 19th Floor, New York, NY 10018, within the jurisdiction of this Court. Upon information and belief, Defendant GCS Computers, LLC ("GCS) was Plaintiff's direct employer. At all relevant times, Defendant GCS Computers, LLC ("GCS), met the definition of "employer" under all applicable statutes.

13. Defendant Jim Gottlieb, upon information and belief, resides in the State of New York and maintains a place of business at 266 W 37th St 19th FL, New York, NY 10018, within the jurisdiction of this Court. Upon information and belief, at all relevant times Defendant Jim Gottlieb is and/or was the owner, CEO, President, principal shareholder, and/or managing member of the Defendant, GCS Computers, LLC ("GCS)., was in active control and management of the company, and regulated the employment of persons employed by the company, including Plaintiff . At all relevant times, Defendant Jim Gottlieb met the definition of "employer" under all applicable statutes.

14. Defendant Tom Crown, upon information and belief, resides in the State of New York and maintains a place of business at 266 W 37th St 19th FL, New York, NY 10018, within the jurisdiction of this Court. Upon information and belief, at all relevant times Defendant Tom Crown is and/or was the supervisor of the Defendant, GCS Computers, LLC ("GCS)., was in active control and management of the company, and regulated the employment of persons employed by the company, including Plaintiff . At all relevant times, Defendant Tom Crown met the definition of "employer" under all applicable statutes.

15. ABC Corporation is a fictitious name for a business entity that may have operated as employer of Plaintiffs during the relevant time.

16. John Does 1-3 are fictitious names for individuals who may have operated as managers and employers of Plaintiff's during the relevant time.

## FACTUAL ALLEGATIONS

A. **Mr. Fridman's Hours of Work and Rate of Pay**

17. Mr. Fridman prior to his termination, had been employed by Defendants as a Field Technician at the company for approximately six months, and was paid bi monthly at a rate of $15-$16 per hour.

18. From the outset of his employment, Defendants misclassified Mr. Fridman as "exempt" from the overtime requirements of the FLSA and NYLL in order to avoid paying Mr. Fridman overtime premiums, or any additional compensation, for the hours in excess of 40-hours that he works each week.

19. From the outset of his employment through termination, Mr. Fridman's mandatory (40) forty hours had been structured in accordance with the following schedule:

> Thursday: 11:00 a.m. – 7:00 p.m.
> Friday: 11:00 a.m. – 7:00 p.m.
> Saturday: 11:00 a.m. – 7:00 p.m.
> Sunday: 11:00 a.m. – 7:00 p.m.
> Monday: 11:00 a.m. – 7:00 p.m.

20. In actuality, Mr. Fridman was expected and required to work in excess of this schedule each week without proper compensation.

21. From the outset of his employment in or around October 2016 until his termination in March 2017, Mr. Fridman was paid an hourly wage of $15, which increased to $16.

4

22. At all times during his employment, the Company paid Mr. Fridman in the form of electronic payments.

23. Mr. Fridman has never received a share or percentage of customer tips.

24. Mr. Fridman had no scheduled (or unscheduled) breaks during his workday, and eats meals, if at all, while carrying on his work at the Company.

25. Mr. Fridman was the only employee required to work on weekends, thereby resulting in an unbalanced work schedule.

26. From the outset of his employment in October 2016 through to his termination, Mr. Fridman was required to work at the Company on all holidays. Mr. Fridman was permitted to take Thanksgiving – but no other holidays – as a "day off."

27. The Company has never afforded Mr. Fridman any paid sick days, personal days or vacation days and, to the best of his recollection, Mr. Fridman has never been absent from work at the Company in connection with any illnesses, vacations, personal matters, nor for any other reasons at any time throughout the duration of his employment.

28. Although Mr. Fridman routinely and systematically worked a total of ten hours or more in excess of 40 hours per workweek, as a matter of policy, Defendants did not, and have not ever, compensated Mr. Fridman properly at the minimum wage rate and/or overtime premium rate of pay for any and/or all hours worked in excess of 40 hours per workweek, nor have Defendants properly paid Mr. Fridman "spread of hours" compensation for any occasion on which Mr. Fridman works and/or has worked over 10 hours per day (*i.e.*, every Sunday, Tuesday, Thursday, Friday and Saturday throughout the duration of his employment).

29. For example, for pay period October 16, 2016, until October 31, 2016, Mr. Fridman's payslip reflected a total of 89.5 hours of work, of which 9.5 hours is statutory overtime.

Mr. Fridman was paid for 88 hours at $15 per hour, and only 1.5 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 1.**

30. For pay period November 1, 2016, until November 15, 2016, Mr. Fridman's payslip reflected a total of 96 hours of work, of which 16 hours is statutory overtime. Mr. Fridman was paid for 88 hours at $15 per hour, and only 8 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 2.**

31. For pay period December 16, 2016, until December 31, 2016, Mr. Fridman's payslip reflected a total of 116.5 hours of work, of which 36.5 hours is statutory overtime. Mr. Fridman was paid for 96 hours at $15 per hour, and only 20.5 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 3.**

32. For pay period January 1, 2017, until January 15, 2017, Mr. Fridman's payslip reflected a total of 107 hours of work, of which 27 hours is statutory overtime. Mr. Fridman was paid for 88 hours at $16 per hour, and only 19 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 4.**

33. For pay period January 16, 2017, until January 31, 2017, Mr. Fridman's payslip reflected a total of 108.5 hours of work, of which 28.5 hours is statutory overtime. Mr. Fridman was paid for 96 hours at $16 per hour, and only 12.5 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 5.**

34. Defendants have each and every one of Mr. Fridman's payslips in their possession, and these will be exchanged in discovery.

35. Mr. Fridman would routinely work longer hours than that which were listed on his payslips. He would enter his hours into the employer's system as per procedure, however when he received his pay the hours would be systematically and willfully reduced.

36. Defendants have the information regarding the actual hours worked and submitted by Mr. Fridman, in their possession and this will be exchanged in discovery.

37. Moreover, upon complaining to Defendants, Plaintiff was retaliated against and terminated in violation of the FSLA and NYLL.

B.  **Mr. Fridman's Duties and Employment by Defendants**

29. As Field Technician at the Company, Mr. Fridman's primary duties consisted of providing a point of sale system called Rpower to GCS's clientele. These duties included providing hardware and software to support the Rpower system. Mr. Fridman's duties also included but were not limited to, tech support, configuration, terminal and printer support, wiring and all areas of customer support. GCS's clientele consisted mainly of hotels, bars, clubs and health fast food providers.

30. During his time with the Company, Mr. Fridman has worked under the direct supervision of the manager Tom Crown and owner Jim Gottlieb.

31. Defendant Jim Gottlieb authorized the hiring of Mr. Fridman at the outset of his employment and, upon information and belief, designated all employment practices to be carried out in GCS, including the unlawful conduct alleged herein.

32. Defendant Tom Crown hired Mr. Fridman at the outset of his employment and, upon information and belief, had and exercised the authority to hire and fire employees at the Company during Mr. Fridman's employment.

33. Defendant Tom Crown has also been responsible for determining Mr. Fridman's hours of work and rate of pay throughout his employment at the Company.

34. Defendant Tom Crown is present at the Company almost every day both during and after business hours.

7

35. In addition to personally supervising and giving direction to each of the Company's employees (including Mr. Fridman) on a daily basis, Defendant also regularly interacts, negotiates and corresponds with the clients on a daily basis.

## FIRST CAUSE OF ACTION
### (Unlawful Failure to Pay Overtime Compensation under the FLSA)

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

37. At all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, such as Plaintiff.

38. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

39. During his employment with Defendants, within the applicable statute of limitations, Plaintiff worked in excess of forty (40) hours per workweek without proper compensation, either at the minimum wage rate or overtime premium rate. Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay him minimum wage and/or overtime compensation, and arbitrarily reduced his hours after they were submitted.

40. Defendant willfully and arbitrarily reduced Plaintiff's hours after they were submitted for payroll, in order to reduce the wage owed to Plaintiff.

41. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to its employees

sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §§ 216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

43. Additionally, Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**(Unlawful Failure to Pay Minimum Wage and/or Overtime Compensation under the NYLL)**

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

45. At all relevant times, Plaintiff is and was an employee and Defendants were his employers within the meaning of the NYLL.

46. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

47. Defendants have systematically failed to properly pay Plaintiff the minimum wage and/or overtime premium rate wages to which he is entitled under the NYLL since, on a weekly basis, Plaintiff was mandatorily required and scheduled to work a schedule of in excess of forty (40) hours per week.

48. By Defendants' failure to properly pay Plaintiff the minimum wage and/or overtime premium rate for hours worked in excess of forty (40) hours per workweek, they have willfully

violated the NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

49. Defendants willfully and arbitrarily reduced Plaintiff's hours after they were submitted for payroll, in order to reduce the wage owed to Plaintiff.

50. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (Violation of the NYLL: Spread of Hours)

51. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

52. Consistent with their policy and pattern or practice, Defendants failed to properly pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours.

53. Defendants willfully and arbitrarily reduced Plaintiff's hours after they were submitted for payroll, in order to reduce the wage owed to Plaintiff.

54. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

### FOURTH CAUSE OF ACTION
### (Violation of the NYLL: Failure to Furnish Wage Statements)

55. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

56. During the relevant time period, Defendants failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

57. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for $250 per violation for up to $5,000 per class member.

58. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. That Defendants are found to have violated the FLSA as to Plaintiff;

B. That Defendants are found to have violated the provisions of the NYLL as to Plaintiff;

C. That Defendants' violations as described above are found to be willful;

D. An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E. That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

F. An award of reasonable attorneys' fees and costs pursuant to the FLSA; NYLL and 29 U.S.C. § 216 and/or other applicable law; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **JURY DEMAND**

      Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: April 17, 2018
       New York, New York                   Respectfully submitted,

                                                DANNY GRACE, P.C.
                                                *ATTORNEYS FOR PLAINTIFF*

                                                222 BROADWAY, 19TH FLOOR
                                                NEW YORK, NY 10038
                                                (646) 515-2821

                                                DANIEL GRACE