UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ARTHUR FRIDMAN, on behalf of themselves
individually, and on behalf of all other similarly          17-CIV-6698 (RWS) (BCM)
situated Plaintiffs,

                           Plaintiff,

     against

GCS COMPUTERS LLC ("GCS"), JIM
GOTTLIEB. TOM CROWN, ABC
CORPORATION and JOHN DOE 1-3,

                        Defendants.

-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT</u>

SCOTT A. ROSENBERG P.C.
Attorneys for Defendants
GCS Computers, Inc., Jim Gottlieb
and Tom Crown
By: Scott A. Rosenberg (SR 9817)
2400 Jericho Turnpike, Suite 201
Garden City Park, New York 11530
Tel: (516) 877-7205

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………..….4

PROCEDURAL HISTORY..…………………………………..…………………..…5

MOTION TO DIMISS STANDARD..………………………………………………...7

POINT I.…………………………………………………………………………...8

      THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION.…..…8

POINT II.…………………………………………………………………….....12

      PLAINTIFF'S CLAIMS UNDER THE NYLL SHOULD BE DISMISSED………...12

CONCLUSION..……………………………………………………………….…13

## TABLE OF AUTHORITIES

### CASES

Aegis Ins. Servs v. 7 World Trade Co.,
        737 F. 3d 166 (2d Cir. 2013)……………………………………………………...8

Ashcroft v. Iqbal,
        556 U.S. 662 (2009)……………………………………………………………………7

Bell Atl. Corp. v. Twombly,
        550 U.S. 544 (2007)………………………………………………………...…………7

DeJesus v. HF Management Services LLC,
        726 F. 3d 85 (2d Cir. 2013)……………………………………..……………..4,6,11

Fridman v. GCS Computers LLC et al,
        17-CIV-6698 (RWS) (BCM) (SDNY 2017)………………………………………5

Grullon v. City of New Haven,
        720 F. 3d 133, 139 (2d Cir. 2013)……………………………...……………………8

Klein & Co. Fixtures v. Board of Trade of City of New York,
        464 F. 2d 255 (2d Cir. 2006)…………………………………………...……..12

Lundy v. Catholic Health System of Long Island,
        711 F. 3d 106, 114 (2d Cir. 2013)……………………………………………4, 6, 11

Nakahata v. New York Presbyterian Health Care Sys.,
        723 F. 3d 192 (2d Cir. 2013)…………………………………….……..4,6,11

Port Dock & Stone Corp. v. Oldcastle Northwest, Inc.,
        507 F. 3d 117, 1121 (2d Cir. 2007)…………………………………………………8

Walker v. The Interfaith Nutrition Network, Inc.,
        No. 14-Civ-5419, 2015 WL 4276174 (E.D.N.Y 2015)………………………………12

### STATUTES

28 U.S.C. §1367 (c)…………………………………………...……………………………12

29 U.S.C. § 207…………………………………………………..…………………………4, 11

New York Labor Law §190 *et. seq.* …………………………………...………………8, 11, 12

## PRELIMINARY STATEMENT

Defendants GCS Computers, Inc., incorrectly sued herein as GCS Computers LLC ("GCS"), Jim Gottlieb, and Tom Crown (collectively, the "Defendants"), by their attorneys, Scott A. Rosenberg, P.C., respectfully submits this memorandum of law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff Arthur Fridman's ("Plaintiff") amended complaint dated April 17, 2018 ("Amended Complaint").

The Amended Complaint is the Plaintiff's second attempt to allege sufficient facts to support a claims under the Fair Labor Standard Act 9 U.S.C. § 207, *et seq.* ("FLSA"). Plaintiff's first Complaint dated September 1, 2017 ("First Complaint") was dismissed by this Court because it did not contain sufficient allegations to support a claim for unpaid overtime wages as required by the Second Circuit in <u>Lundy v. Catholic Health Sys. of Long Island, Inc., Nakahata v. New York-Presbyterian Healthcare System, Inc.</u>, 723 F. 3d 192 (2d Cir. 2013); <u>DeJesus v. HF Management Services, LLC</u>, 726 F. 3d 85 (2d Cir. 2013) and their progeny.

In an attempt to cure his pleading deficiencies, the Plaintiff has filed an Amended Complaint, whereby he purports to add additional factual allegations to support a claim under the FLSA. However, the Amended Complaint has the same fatal deficiencies as the First Complaint.  As a matter of fact, the Amended Complaint is essentially identical to the First Complaint.  Indeed, the only additional "facts" asserted by Plaintiff to supplement the First Complaint are certain pay slips, which are attached to the Amended Complaint, which purportedly evidence that Defendants failed to pay the proper overtime wages in excess of eighty (80) for that respective pay period.  Yet, as fully detailed below, the pay slips do not

support Plaintiff's position since the Plaintiff assumes that he was paid on a bi-weekly basis (which consist of two (2) forty (40) hour weeks), but instead the Plaintiff was paid on a bi-monthly basis (which is in excess of two (2) forty (40) hour work weeks) and therefore Plaintiff's calculations of unpaid overtime are incorrect. Thus, despite the Plaintiff's conclusions, the pay slips submitted by Plaintiff actually evidence that Plaintiff was properly paid for all hours worked. Simply stated, the Plaintiff is either being disingenuous with the Court or simply does not know how to properly analyze his own pay slips.  Either way, the Amended Complaint should be dismissed on the same grounds as the Complaint.

## PROCEDURAL HISTORY

On or about September 1, 2017, the Plaintiff filed the First Complaint seeking damages alleging, among other things, that Defendants failed to pay proper overtime wages in violation of the FLSA.  [ECF Doc. 1] [Declaration of Anthony DiPaolo dated May 1, 2018 ("DiPaolo Dec"); Exhibit A].

On or about December 15, 2017, the Defendants moved, pursuant to Federal Rules of Civil Procedure 12(b)(6) ("First Dismissal Motion") to dismiss the First Complaint for failure to state a claim, on the grounds that Plaintiff failed to properly plead sufficient facts to support a FLSA claim as required by the Second Circuit pursuant to the holdings of Lundy, Nakahata, and DeJesus and their progeny. In particular, Defendants argued that Plaintiff's general allegations that he "routinely" and "typically" worked a total of ten (10) or more hours over forty hours per week, without more, was insufficient to sustain a claim under the FLSA. [ECF Doc. 14-18] [DiPaolo Dec., Exhibit B].

The Court agreed and pursuant to the Court's Opinion and Order dated March 27, 2018 ("Order")[1], the Court granted Defendants' First Dismissal Motion on the grounds that Plaintiff's allegations are insufficiently alleged since he failed to "allege a single particular he worked more than forty hours or attempt to estimate the number of overtime hours he worked in any of the weeks he was employed" as required under the holdings of Lundy, Nakahata, and DeJesus and their progeny. Specifically, the Court held as follows:

> Following the line delineated by these authorities leads to the conclusion that Plaintiff's allegations are insufficiently alleged. Plaintiff's complaint includes his position, general wages, and responsibilities at GCS. Compl. ¶16, 19, 29. Plaintiff further alleges that he was almost never afforded vacations, sick days, or other absences from work. Compl. ¶¶124-25. Plaintiff also alleges that he did not have a scheduled or unscheduled break in his work day. Compl. ¶22. Taking those statements as true, Plaintiff's work place policies are inconsiderate. Even taken as true, however, these allegations do not themselves plausibly allege FLSA overtime violations-even without breaks, Plaintiff's alleged assigned workweek would amount to exactly forty hours. See. Compl. ¶18.
>
> Rather, the only allegations relating to overtime in the complaint are when Plaintiff alleges that he "routinely" worked a total of ten or more hours over forty hours per week. Compl. ¶ 26-27; see id. ¶39. Yet at no point in the complaint does Plaintiff allege a single particular week he worked more than forty hours or attempt to estimate the number of overtime hours he worked in any of the weeks employed. While adequate pleadings do not require "mathematical precision," Plaintiff's current allegations are not enough. Dejesus, 726 F.3d at 90. A plaintiff is "reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours." Perkins v. 199 SEIU United Healthcare Workers E., 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2015). While Plaintiff "may not possess the complete documentary records regarding the hours that [he] worked," Plaintiff needs to provide "content and context to [his] allegations to make (his) overtime claim plausible." Ayala v. Looks Great Servs., Inc., No. 14 Civ. 6035 (ADS) (SIL), 2015 WL 4509133, at *9 (E.D.N.Y. July 23, 2015); see also Perkins, 73 F. Supp. 3d at 289 (internal citations omitted) (dismissing FLSA overtime claim when the plaintiff's complaint alleged "only that, '(a)t all relevant times' since 2008, he 'was assigned and actually worked more than 40 hours per week,' and that

---

[1] The underlying facts of this matter are set forth in the Order and are incorporated herein by reference and therefore will not be repeated here in the interests of brevity and judicial economy.

Lhe Hospital failed to pay him overtime compensation"); <u>Bustillos v.Acad. Bus, LLC,</u> No. 13 Civ. 565 (AJN), 2014 WL 116012, at *4(S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim because "there should be sufficient factual allegations in the Amended Complaint-rather than a general and conclusory allegation as to the number of hours 'routinely' worked-whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overt time violation").

[ECF No. 25]. [DiPaolo Dec., Exhibit C].

While the Court dismissed the First Complaint, the Order granted Plaintiff leave to file an amended complaint to replead any of the claims dismissed within 21 days of the Order. In accordance with the Order, the Plaintiff filed the Amended Complaint. However, as more fully detailed below, the Amended Complaint, still fails to state a cause a claim under the FLSA.

## ARGUMENT

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Rule 12(b) (6) of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544.

When deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions". Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. See also, Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F. 3d 117, 121 (2d Cir. 2007).

Notably, the Second Circuit applied the pleading standards set forth above, in the context of claims brought under the FLSA and NYLL. See, Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F. 3d 106 (2d Cir. 2013); Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F. 3d 192 (2d Cir. 2013); DeJesus v. HF Management Services, LLC, 726 F. 3d 85 (2d Cir. 2013). Nevertheless, despite the pleading requirements articulated by the Courts of this Circuit, as it relates to FLSA and NYLL claims, the Plaintiff here as utterly failed to properly plead a claim under the FLSA or NYLL.

## POINT I

## THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION

Significantly, the allegations in the Amended Complaint essentially mirror the allegations in the now dismissed First Complaint----and therefore it should be dismissed for the same reasons as the Fist Complaint. In fact, the crux of the factual allegations, in both

8

complaints, as they relate to the extent of purported unpaid overtime wages, are identical as they both provide as follows:

> Although Mr. Fridman [Plaintiff] routinely and systematically worked a total of ten hours or more in excess of 40 hours per work week, as a matter of policy, Defendants did not, and have not even compensated Mr. Fridman properly at the minimum wage rate and/or overtime premium rate of pay and for any/or all hours worked in excess of 40 hours per work week, nor have Defendants properly paid Mr. Fridman "spread hours" compensation for any occasion on which Mr. Fridman works and/or worked over 10 hours per day (i.e. every Sunday, Tuesday, Friday and Saturday, throughout the duration of his employment.

> Mr. Fridman would routinely work longer hours than which were listed on his pay slips. He would enter his hours into the employer's systems per procedure, however, when he received his pay the hours would be systematically and willfully reduced.

[DiPaolo Dec., Exhibit A; First Complaint ¶¶26, 27, 39; Exhibit D, Amended Complaint 28, 35].

The only additional or supplemental facts offered by Plaintiff to support his claim of unpaid overtime hours in the Amended Complaint, are the pay slips attached thereto as Exhibits 1-5. Based on the information set forth in the respective pay slip alone, the Plaintiff alleges that he was not paid the proper overtime hours. The Plaintiff offers nothing more to supplement the First Complaint. He offers no other facts, allegations, estimates or documents relating to the alleged unpaid overtime.

However, the flaw in Plaintiff's analysis is that he is assuming that the he was paid by GCS, during the course of his employment, on a bi-weekly basis (which would equal two (2) forty (40) hour work weeks), when instead he was paid on bi-monthly basis (for which the pay period is in excess of two (2) forty (40) hour work weeks). Based on this false assumption, Plaintiff crudely argues that any hours worked over eighty (80) hours for respective pay period, as reflected on the respective pay slip, should be deemed

statutory overtime. For instance, for pay period October 16, 2016 through October 31, 2016, Plaintiff argues that since he worked at total of 89.5 hours (as reflected on the pay slip), he should have been paid 9.5 hours of statutory overtime, as indicated on the pay-slip, instead of 1.5 hours as he was paid. Plaintiff's calculations appear to be as follows: 89.5 hours worked for the pay period minus 80 hours (presumed two 40 hour work weeks)=9.5 hours of overtime. He makes similar argument and miscalculations for each of the remaining pay periods referenced. (DiPaolo Dec, Exhibit D, First Amended Complaint ¶29).

Nevertheless, Plaintiff's calculations are erroneous as a matter of law. As stated above, Plaintiff fails to recognize that while employed by GCS, he was paid on a bi-monthly basis. Since there is not an even amount of work weeks in a month, the pay periods referenced by the Plaintiff consist of more than two (2) statutory work weeks of seven (7) days. Thus, Plaintiff's analysis and crude calculations are simply incorrect since the FLSA applies on a workweek basis. See, Affidavit of Mary Collins sworn to on May 1, 2018 ("Collins Aff.) at ¶5-13.

The correct analysis for pay period October 16, 2016 through October 31, 2016 is as follows. For this pay period, Mr. Fridman worked a total of 89.5 hours, however, this pay period encompasses 15 days, and not 14 days (which is 2 statutory work weeks, plus 1 day). Mr. Fridman worked 40 hours the week of October 16, 2016 through October 23, 2016, 41.5 hours the week of October 24, 2016 through October 30, 2016, and 8 hours on October 31, 2016. Mr. Fridman was paid 1.5 hours in overtime for this pay period. Thus, for this pay period, Mr. Fridman was paid for all overtime worked. The analysis is

the same for all remaining pay periods raised by Mr. Fridman. [Amended Complaint ¶29-33, Exhibit is 1-5; Collins Aff. ¶5-13, Exhibit A-D].

Thus, Mr. Fridman's new allegations of unpaid overtime are clearly based on a false premise---that his pay period only included two (2) forty (40) hour work weeks, when such is not the case. Indeed, under the FLSA, an employee's workweek is a fixed and regularly recurring period of 168 hours — seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Therefore, under the circumstances, Plaintiff, who was paid on a bi-monthly basis was paid for all overtime hours for the pay periods raised by the Plaintiff as required under the FLSA. See, 29 U.S.C. § 207 et seq; §778.105. [2]

Based on the foregoing, the Plaintiff's so-called new allegations do not support a claim under the FLSA nor do they provide additional facts or allegations required to sustain a claim under the FLSA as required by Lundy, Nakahata , and DeJesus and their progeny (and as recognized by this Court). Therefore, after eliminating these new so-called facts, the Amended Complaint still contains no specificity or detail whatsoever as to the overtime hours allegedly worked as recognized by this Court. See, Ayala v. Looks Great Services, Inc., No. 14-CV-6035, 2016 WL 4509133 (E.D.N.Y 2015) (The amended complaint, like the amended complaint in DeJesus, does not estimate the number of overtime hours the Plaintiffs worked in any of or all the weeks they were employed. The amended complaint in this case, like the complaint in DeJesus, "track[s] the statutory

---

[2] Under the FLSA, an employee who works over forty hours in a single work week is entitled to be paid for those excess hours at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation).

Accordingly, for the same reasons set forth in the Defendant's First Dismissal Motion, the Amended Complaint should be dismissed.[3]

## POINT II

## PLAINTIFF'S CLAIMS UNDER THE NYLL SHOULD BE DISMISSED

In addition to the FLSA claim (First Cause of Action), the Plaintiff also asserts three (3) other claims under the NYLL for (i) failure to pay minimum wage and/or overtime compensation, (ii) violation of spread of hours, and (iii) failure to furnish wage statements. At a minimum, the Second and Third Cause of Action appear to be duplicative of the FSLA claim. Nevertheless, in the event that the Court dismisses the Plaintiff's sole claim federal claim under the FSLA, the NYLL claims should also be dismissed for the same reasons.  See, Lundy, 7111 F. 3d at 118 (the same pleading requirements for plaintiffs FLSA claim apply to her claim under NYLL).  However, to the extent that the Court holds otherwise, this Court should decline supplemental jurisdiction over the Plaintiff's surviving state law claims, if any, and dismiss such claims---as it had already done in the Order.  Indeed, the Court in the Order, declined to exercise supplemental jurisdiction upon the dismissal of the FLSA claims. (DiPaolo Dec., Exhibit C).  See also,  Klein & Co. Fixtures v. Bd. of Trade of City of New York, 464 F. 3d 255, 262 (2nd Cir. 2006) (It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state court claims.); Walker v. The Interfaith Nutrition Network, Inc., No. 14 CV 5419, 2015 WL

---

[3]  In the interests of brevity and judicial economy, the Defendants incorporate here by reference the arguments set forth in the First Dismissal Motion.

4276174 at *5 (E.D.N.Y. 2015) (Having dismissed the plaintiffs FLSA claims, there is no longer any independent basis for federal jurisdiction in this action).

Based on the forgoing authority, to the extent the Plaintiff's NYLL claims survive the Defendants' motion to dismiss, it is respectfully requested that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 (c), as it has previously done, and dismiss any remaining state court claims on the grounds that there is no independent jurisdictional basis for the Court to hear the claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Defendants' motion in its entirety, as well as such other and further relief as is just and proper under the circumstances.

Dated:     Garden City Park, New York
           May 1, 2018

SCOTT A. ROSENBERG P.C.
Attorneys for Defendants
GCS Computers, Inc., Jim Gottlieb and
Tom Crown

By:_____
        Scott A. Rosenberg, Esq. (SR 9817)
        Anthony DiPaolo (AD 8855)
2400 Jericho Turnpike, Suite 201
Garden City Park, New York 11530
Tel: (516) 877-7205