UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR FRIDMAN, on behalf
of themselves individually, and on behalf
of all other similarly situated Plaintiffs

Civil Action No. 1:17-cv-06698 (RWS)

        Plaintiff,

   vs.

GCS COMPUTERS, LLC ("GCS"), Jim Gottlieb,
Tom Crown, ABC Corporation, and John Does 1–3.

 

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM

 

                                 DANNY GRACE, PC
                                 222 Broadway
                                 19th Floor
                                 New York, NY 10038
                                 (646) 515-2821
                                 *Counsel for Plaintiff Arthur Fridman*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT OF FACTS ........................................... 1

ARGUMENT ............................................................................................ 2

    I.   Legal Standard under Rule 12(b)(6) ............................................ 2

    II.  Plaintiff has Plead Sufficiently to Survive a Motion under Rule 12(b)(6) ........................................................................................... 4

    III. Plaintiff's NYLL Claims Must Survive ........................................ 7

Conclusion ................................................................................................ 8

# **TABLE OF AUTHORITIES**

Federal Cases
Ashcroft v. Iqbal,
556 U.S. 662, 678 [2009] .................................................................................... 3

Dejesus v HF Mgt. Services, LLC,
726 F3d 85, 86 [2d Cir 2013] ............................................................................. 4

Goldberg v. Danaher
599 F.3d 181, 183-84 [2d Cir. 2010] ............................................................. 3, 4

Lundy v Catholic Health Sys. Of Long Island.,
711 F. 3d 106 (2d Cir. 2013) .............................................................................. 4

Nakhata v New York Presbyterian Health Care Sys.,
723 F. 3d 106, 114 (2d Cir. 2013) ...................................................................... 4

Old Republic Ins. Co. v Hansa World Cargo Serv., Inc.,
170 FRD 361, 370 [SDNY 1997] ...................................................................... 3

Paganas v Total Maintenance Sol., LLC,
220 F Supp 3d 247, 255 [EDNY 2016] ............................................................. 6

Semi-Tech Litig. LLC v Bankers Tr. Co.,
234 F Supp 2d 297, 300 [SDNY 2002] ............................................................. 7

Shomo v. City of New York,
570 F. 3d 176, 183 [2d Cir. 2009] .................................................................. 3, 5

Rules
Fed.R.Civ.P.12 .......................................................................................... 1, 2, 3, 4

State Statutes
N.Y. Labor. Law § 190 *et seq* ............................................................................. 7

Plaintiff Arthur Fridman ("Plaintiff" or "Mr. Fridman") respectfully submits this memorandum of law in opposition to the motion by Defendants GCS Computers, LLC ("GCS"), Jim Gottlieb, Tom Crown, ABC Corporation, and John Does 1–3. (Collectively "Defendants") to dismiss his Amended Complaint under Rule 12(b)(6). As set forth below, Defendants' boilerplate, duplicative motion should be denied because Plaintiff has plead sufficient facts in its Amended Complaint to sustain its burden at this juncture and in accordance with the Order of this Court. Defendant chooses to focus on one pay period (Exhibit 1) to argue that Plaintiff's calculations are misplaced. Insofar as this *could* be true, it is not properly before the Court on a motion pursuant Rule 12(b)(6). Moreover, were Defendants' argument to be accepted by the Court, it is inapplicable to Plaintiff's other examples in its Amended Complaint.

## PRELIMINARY STATEMENT OF FACTS

Plaintiff Arthur Fridman is a former employee of the Defendants and resides in the State of New York. Prior to his termination, he was employed by Defendants at 266 West 37th Street 19th Floor, New York, NY 10018, for approximately six months as a Field Technician.

It is undisputed that Plaintiff was an employee of Defendants, and that Defendants were his employer within the meaning of all relevant statutes.

At all times herein, Plaintiff carried out his duties diligently; often going above and beyond his job description in order to enrich the company. This included working overnight shifts and never shying away from extra hours required to

service the clients of the company. As alleged in the Amended Complaint and supported by five (5) separate Exhibits, these extra hours usually went uncompensated at the lawful overtime levels and while the company continued to enrich itself, Plaintiff suffered economically, physically and emotionally.

Not only did Defendants fail to pay Plaintiff the overtime pay that he lawfully accrued, at times his attendance submissions were changed by the company unlawfully in order to reduce his compensation. This shall become evident during discovery as only Defendants have access to their internal time-management system.

Defendant GCS Computers, LLC ("GCS), is a domestic business corporation duly organized under the laws of the State of New York, with corporate headquarters at 266 West 37th Street 19th Floor, New York, NY 10018, and as admitted by Defendant in its motion, Jim Gottlieb and Tom Crown are owners and management thereof.

Plaintiff supports the remaining procedural history as outlined in Defendants' Motion to Dismiss herein, with respect to the action on Plaintiff's initial Complaint.

## ARGUMENT

### I. Legal Standard under Rule 12(b)(6)

As correctly noted by Defendants in their motion, a Rule 12(b)(6) motion for failure to state a claim must be denied if a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 [2009]. A claim is facially plausible if the pleaded facts permit a court to reasonably infer that Plaintiff is entitled to relief. Id. When deciding a Rule 12(b)(6) motion to dismiss, a court must limit its consideration to the allegations "contained within the four corners of the complaint." Goldberg v. Danaher, 599 F.3d 181, 183-84 [2d Cir. 2010]. The court also must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. See Shomo v. City of New York, 570 F. 3d 176, 183 [2d Cir. 2009].

It is well held that "the court's function is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Old Republic Ins. Co. v Hansa World Cargo Serv., Inc., 170 FRD 361, 370 [SDNY 1997].

The court in Old Republic Id continued that "(t)he court also must read the complaint generously, and draw reasonable inferences in favor of the pleader. A complaint will not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested." (Internal citations omitted).

Finally Old Republic Id opined that where "a complaint is dismissed for failing to state a claim upon which relief can be granted under Rule 12(b)(6), it is the usual practice to allow leave to replead."

In his Amended Complaint, and in response to the Order of this Court, Plaintiff outlines five (5) clear instances in which, on their face, Plaintiff's payslips

3

indicate that he was not properly paid overtime or spread of hours compensation. Taken as true for the purposes of this motion, these examples are clearly enough to sustain Plaintiff's burden to properly state a claim at this juncture.

## II.   Plaintiff has Plead Sufficiently to Survive a Motion under Rule 12(b)(6)

Defendants' allegations regarding the sufficiency of the Amended Complaint are misplaced as "the sufficiency of a complaint is a matter of law that the [district] court is capable of determining based on its own reading of the pleading and knowledge of the law". <u>Goldberg v Danaher</u>, 599 F3d 181, 184 [2d Cir 2010].

Defendants' once again rely on <u>Lundy, Nakhata, and DeJesus</u>, to support their position that the allegations in the Amended Complaint are insufficient to carry Plaintiff's burden. However, in his Amended Complaint, Plaintiff alleges the following, each supported by an exhibit:

> For example, for pay period October 16, 2016, until October 31, 2016, Mr. Fridman's payslip reflected a total of 89.5 hours of work, of which 9.5 hours is statutory overtime. Mr. Fridman was paid for 88 hours at $15 per hour, and only 1.5 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 1.**
> For pay period November 1, 2016, until November 15, 2016, Mr. Fridman's payslip reflected a total of 96 hours of work, of which 16 hours is statutory overtime. Mr. Fridman was paid for 88 hours at $15 per hour, and only 8 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 2.**
> For pay period December 16, 2016, until December 31, 2016, Mr. Fridman's payslip reflected a total of 116.5 hours of work, of which 36.5 hours is statutory overtime. Mr. Fridman was paid for 96 hours at $15 per hour, and only 20.5 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 3.**
> For pay period January 1, 2017, until January 15, 2017, Mr. Fridman's payslip reflected a total of 107 hours of work, of which 27 hours is statutory overtime. Mr. Fridman was paid for 88

>hours at $16 per hour, and only 19 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 4.**
>For pay period January 16, 2017, until January 31, 2017, Mr. Fridman's payslip reflected a total of 108.5 hours of work, of which 28.5 hours is statutory overtime. Mr. Fridman was paid for 96 hours at $16 per hour, and only 12.5 hours of overtime. No "spread of hours" is reflected or compensated. **Exhibit 5.**

Inexplicably, Defendants choose only one of the pay periods, namely the Exhibit 1 pay period from October 16, 2016, until October 31, 2016, to advance the previously unstated argument that "this pay period encompasses 15 days, and not 14 days". Defendants Motion to Dismiss Plaintiff's Amended Complaint Page 10.

Firstly, this argument is not properly before the court at this juncture as the Court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor". Shomo *Id*. In its Amended Complaint Plaintiff alleges that he worked in excess of ten hours per day, or in excess of forty hours per week, and did not receive the correct compensation under the law. This allegation was supported by five difference instances where, on their face, Plaintiff either worked in excess of ten hours per day, or in excess of forty hours per week, and did not receive the correct compensation under the law. Taken as true, with all reasonable inferences drawn in Plaintiff's favor, his burden is clearly sustained.

Secondly, Defendants select one example to advance their new argument that his actual workweek is compensated or recorded correctly in his payslips. With respect to Exhibit 1, Defendant stated that "this pay period encompasses 15 days, and not 14 days". Conveniently, and somewhat disingenuously, Defendant does not

5

opine on Exhibit 3, which contained 116.5 hours of work with 96 hours paid at the regular hourly rate. Having stated that Plaintiff's workweek should be taken as 88 hours instead of 80, Defendants proffer no explanation as to why his workweek should jump to 96 hours. The same occurs in Exhibit 5.

In his Amended Complaint, Plaintiff alleges that he "routinely and systematically worked a total of ten hours or more in excess of 40 hours per workweek," and was not compensated correctly. Amended Complaint ¶ 28.

Plaintiff outlined his typical workweek and that he worked every holiday aside from Thanksgiving, and often on weekends. Plaintiff was not afforded sick days or personal vacation days. Amended Complaint ¶ 19, 24-27.

Moreover, Plaintiff alleges in his Complaint that despite the entries he made into the company's clocking system, his hours were subsequently "systematically and willfully reduced." Amended Complaint ¶ 35. It follows that the information that could be in Plaintiff's possession, namely payroll records, would actually be an inaccurate representation of the work completed by Plaintiff. Discussion of this salient point is notably absent in Defendants' motion.

As acknowledged by this Court, Lundy Id does not require a plaintiff to plead their overtime claims with mathematical precision. Paganas v Total Maintenance Sol., LLC, 220 F Supp 3d 247, 255 [EDNY 2016], appeal dismissed (Apr. 26, 2017), however in response to the Court's Order, Plaintiff provided five clear examples of the improper pay practices he was subjected to, when only one is sufficient to carry his burden.

Because the information needed to either verify or refute Plaintiff's allegations is entirely within Defendants' possession, to dismiss the case at this juncture prior to the completion of discovery would be counter to the intent of the FLSA. This is especially true due to Plaintiff's allegation that the company would routinely adjust the hours that he submitted, prior to paying him his wages. Amended Complaint ¶ 35.

Put simply, if the allegations made by Plaintiff against Defendant are properly taken as true as is the legal standard herein, Plaintiff has plead sufficient facts and allegations that Defendant unlawfully adjusted Plaintiff's attendance hours and were enriched at Plaintiff's expense as a result.

Also, as the Court must limit its analysis to the information contained in the four corners of the Amended Complaint, Plaintiff could not offer more than factual allegations in support of its position, unlike summary judgment following the close of discovery.

### III. Plaintiff's NYLL Claims Must Survive

Plaintiff's state law claims arise from an identical set of facts as its federal claims, therefore the Court should extend supplemental jurisdiction as "they derive from a ... nucleus of operative fact common to the jurisdiction-conferring claim and if they are such that [the claimant] would ordinarily be expected to try them all in one judicial proceeding.... Semi-Tech Litig. LLC v Bankers Tr. Co., 234 F Supp 2d 297, 300 [SDNY 2002]. (Internal quotation marks omitted)

## Conclusion

Based on the foregoing case law and facts, Plaintiff respectfully requests that this court: (i) issue an Order denying Defendants' motion to dismiss the case pursuant to Rule 12(b)(6); and (ii) any further relief that the Court deems just and proper.

Dated: 7/10/2018

/s/_____

Daniel Grace, Esq.

Danny Grace, P.C.

*Attorneys for Plaintiff*

222 Broadway,

19th Floor

New York, NY 10038