UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ARTHUR FRIDMAN, on behalf of
themselves Individually, and on behalf
of all other similarly Situated
Plaintiffs,

                Plaintiff,

  -against-

GCS COMPUTERS LLC ("GCS"), JIM GOTTLIEB,
TOM CROWN, ABC CORPORATION and
JOHN DOE 1-3,

                Defendants.

------------------------------------------X

17 Civ. 6698

OPINION



A P P E A R A N C E S:

    Attorneys for Plaintiff

    DANNY GRACE, PC
    222 Broadway, 19th Floor
    New York, NY 10038
    By:  Daniel Grace, Esq.

    Attorneys for Defendants

    SCOTT A. ROSENBERG P.C.
    2400 Jericho Turnpike, Suite 201
    Garden City Park, NY 11530

**Sweet, D.J.**

Defendants GCS Computers, Inc., sued here as GCS Computers LLC ("GCS"), Jim Gottlieb ("Gottlieb"), and Tom Crown ("Crown") (collectively, the "Defendants"), have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint dated April 17, 2018 ("Amended Complaint") of plaintiff Arthur Fridman ("Fridman" or the "Plaintiff") asserting claims under the Fair Labor Standard Act, 9 U.S.C. § 207, et seq. ("FLSA"). Based upon the conclusions set forth below, the motion is granted and the Amended Complaint is dismissed.

## I. Prior Proceedings

Plaintiff's first Complaint dated September 1, 2017 ("First Complaint") was dismissed by this Court by opinion of March 27, 2018 (the "March 27 Opinion").

The First Complaint alleged, among other things, that Defendants failed to pay proper overtime wages in violation of the FLSA.

1

The March 27 Opinion dismissed the First Complaint and granted Plaintiff leave to file an amended complaint. The Amended Complaint was filed on April 17, 2018. The allegations in the Amended Complaint essentially repeat the allegations in the First Complaint. The crux of the factual allegations, in both complaints, as they relate to the extent of purported unpaid overtime wages, are identical and provide as follows:

> Although Mr. Fridman [Plaintif] routinely and systematically worked a total of ten hours or more in excess of 40 hours per work week, as a matter of policy, Defendants did not, and have not even compensated Mr. Fridman properly at the minimum wage rate and/or overtime premium rate of pay and for any/or all hours worked in excess of 40 hours per work week, nor have Defendants properly paid Mr. Fridman "spread hours" compensation for any occasion on which Mr. Fridman works and/or worked over 10 hours per day (i.e. every Sunday, Tuesday, Friday and Saturday, throughout the duration of his employment.
>
> Mr. Fridman would routinely work longer hours than which were listed on his pay slips. He would enter his hours into the employer's systems per procedure, however, when he received his pay the hours would be systematically and willfully reduced.

First Complaint ¶¶ 26, 27, 39; Amended Complaint 28, 35].

The additional or supplemental facts in the Amended Complaint are allegations relating to the pay slips attached thereto as Exhibits 1-5. Based on the respective pay slips, the Plaintiff alleges that he was not paid the proper overtime

2

hours. No other facts, allegations, estimates or documents relating to the alleged unpaid overtime are contained in the Amended Complaint.

Plaintiff alleged his typical workweek and that he worked every holiday aside from Thanksgiving, and often on weekends. Plaintiff was not afforded sick days or personal vacation days. Amended Complaint ¶ 19, 24-27.

Plaintiff also alleges that, despite the entries he made into the company's clocking system, his hours were subsequently "systematically and willfully reduced." Amended Complaint ¶ 35.

The instant motion to dismiss was heard and marked fully submitted on July 25, 2018.

II. **The Applicable Standard**

**Rule 12(b)(6)**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. Mills v. Polar

3

Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face.*'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (emphasis added). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . .

4

a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

### III. **The FSLA Claim is Dismissed**

Plaintiff identifies five pay periods where he alleges that he was not paid for overtime worked during each pay period. To support these allegations, Plaintiff attached his pay slips for the relevant pay period to establish that Plaintiff was paid on a bi-weekly basis (which would include two seven-day work weeks). According to Defendants, however, Plaintiff was paid on a bi-monthly basis and therefore the pay periods identified amount to paid work days in excess of two seven-day works weeks. (Amended Complaint ¶¶ 29-33, Exhibits 1-5).

The Defendant's contention is established by counting the days for each pay period on the respective pay slip (i.e. (i) October 15, 2016 through October 31, 2016 (15 days); (ii) November 1, 2016 through November 15, 2016 (15 days); (iii) December 16, 2016 through December 31, 2016 (16 days); (iv) January 1, 2017 through January 15, 2017 (15 days); and (v) January 16, 2017 through January 31, 2017 (16 days). (Amended Complaint ¶¶ 29-33, Exhibits 1-5).

5

Plaintiff's conclusory allegations of unpaid overtime, which are contradicted by the pay slips attached to the Amended Complaint, do not give rise to a FLSA claim despite Plaintiff's argument that the Court must accept the allegations set forth in the Amended Complaint as true, without further inquiry.

In his opposition, the Plaintiff does not dispute that he was paid on a bi-monthly basis or that his calculations of unpaid overtime arc incorrect. Plaintiff is therefore asking the Court to accept incorrect allegations as true, which is not the legal standard when deciding a motion to dismiss. See. *Fernandez-Montes v, Allied Pilots Ass'n*, 987 F.2d, 278,284 (5th Cir. 1993) (Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (Only complaints that state a "plausible claim for relief' can survive a Rule 12(b)(6) motion to dismiss); *Harris v. Mills*, 572 F 3d 66 (2d Cir. 2009) (Determining whether a complaint docs so is a "context specific task that requires the reviewing court to draw on its judicial experience a common sense."); *Nakabata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F. 3d 192 (2d Cir. 2013) (To survive a motion to

dismiss, a complaint must state a claim to relief that is plausible on its face).

Taking into consideration Plaintiff's flawed calculations and the remaining allegations which are identical to those in the first dismissed complaint, the Amended Complaint fails to state a claim under the FLSA as specified by *Lundy v. Catholic Health Sys. of Long Island, Inc.*, *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013); *DeJesus v. HF Management Services, LLC*, 726 F. 3d 85 (2d Cir.2013). The claims are simply not plausible.

In addition, Defendants have also produced Plaintiff's timesheets for the pay periods identified in the Amended Complaint.

When considering a motion to dismiss for failure to state a claim, the Court may only consider (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public

7

disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *Environmental Servs. V. Recycle Green Services*, 7 F. Supp.2d 260, 270 (E.D.N.Y. 2014) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp.2d 351, 356-67 (S.D.N.Y. 2003)). See also, *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002); *Int'l Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2nd Cir. 1995) (holding a court may take a document into consideration without converting a motion to dismiss to a summary judgment motion, even if the document was not attached to the Complaint, when said document is integral to the complaint).

The Affidavit of Mary Collins, submitted in connection with the Dismissal Motion, along with the timesheets attached thereto, confirm that Plaintiff was paid on a bi-monthly basis and for each overtime hour worked by Plaintiff during the pay periods in question. The timesheets attached to the Collins affidavit are consistent with the pay slips attached to the Amended Complaint and are also not disputed by Plaintiff.

8

In opposition, the Plaintiff does not argue that the Collins affidavit, and the timesheets attached thereto, should not be considered in the context of a motion to dismiss, but instead argues in general terms that the Court should consider allegations from the Amended Complaint alone when deciding the instant motion. But courts have discretion to determine whether to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion. *Environmental Servs.*, 7 F. Supp.2d at 270. In its discretion, this Court may consider extrinsic evidence, such as the timesheets, when deciding a motion to dismiss, especially where, as here, the time records are referenced in the Amended Complaint. *See Serrano v. Rockmore*, 132 F. Supp.3d 390 (E.D.N.Y. 2015) (Court considered extrinsic evidence in support of a motion to dismiss an FLSA claim).

In his Amended Complaint, the Plaintiff (i) references the particular time period covered by the timesheets which alleges unpaid overtime, (ii) alleges that Defendants have the information regarding the actual hours worked and submitted by Plaintiff in their possession, and (iii) alleges that Defendants' failure to accurately record, report, and/or preserve records of its employees is sufficient to determine their wages, hours and other conditions and practice of

9

employment in violation of the FLSA. (Amended Complaint ¶¶ 29-33, 36, 41).

The Plaintiff cannot on one hand claim in his Amended Complaint that Defendants' records will establish the overtime hours worked, and then object to their production. Since the timesheets and the relevant time periods related thereto are referenced in the Amended Complaint, the time records are central and integral to the Amended Complaint and should be considered with the Dismissal Motion. *See Jones v. Halstead Mgmt Co. LLC*, 61 F. Supp.3d 324, 31 (S.D.N.Y. 2015) (When the document reflects a factual issue and the complaint specifically refers to the contents, the Court can deem the document in the complaint and therefore subject to consideration in its review of the adequacy of the allegations); *Lopez-Serrano v. Rockmore*, 132 F. Supp.3d 390, 399 (E.D.N.Y. 2015).

The Plaintiff in his opposition does not dispute that he was paid on a bi-monthly basis, that his overtime calculations are incorrect, or otherwise explain the flaw in his pleadings. Instead, the Plaintiff argues that dismissal is not warranted because Defendants only selected "one example to advance their new argument that his actual work week is compensated or recorded correctly in his pay slips." However,

the Collins affidavit, submitted with the instant motion, clearly addresses each pay period identified in the Amended Complaint as follows:

> For instance, Mr. Fridman claims that, based on his pay slip, for pay period October 16, 2016 through October 31, 2016, he worked a total of 89.5 hours, of which 9.5 hours is statutory overtime. However, what Mr. Fridman does not realize is that this pay period encompasses 15 days, and not 14 days (which is 2 statutory work weeks, plus 1 day). As such, Mr. Fridman worked 40 hours the week of October 16, 2016 through October 23, 2016, 41.5 hours the week of October 24, 2016 through October 30, 2016, and 8 hours on October 31, 2016. Mr. Fridman was paid 1.5 hours in overtime for this pay period. Thus, for this pay period, Mr. Fridman was paid for all overtime worked. A copy of the relevant timesheet evidencing same is attached as Exhibit A.
>
> Mr. Fridman claims that, based on his pay slip, for pay period November 1, 2016 through November 15, 2016, he worked a total of 96 hours, of which 16 hours is statutory overtime. However, what Mr. Fridman does not realize is that this pay period encompasses 15 days, and not 14 days (which is 2 statutory work weeks, plus 1 day). As such, Mr. Fridman worked 32 hours the week of November 1, 2016 through November 6, 2016, 48 hours the week of November 7, 2016 through November 13, 2016, and 16 hours on November 14 and November 15, 2016. Mr. Fridman was paid 8 hours in overtime for the week of November 7, 2016 to November 13, 2016. Thus, for this pay period, Mr. Fridman was paid for all overtime worked. A copy of the relevant timesheet evidencing same is attached as Exhibit B.
>
> Mr. Fridman claims that, based on his pay slip, for pay period December 16, 2016 through December 31 , 2016, he worked a total of 116.5 hours, of which 36.5 hours is statutory overtime. Notably,

11

Mr. Fridman was paid for Christmas but did not work. However, what Mr. Fridman does not realize is that this pay period encompasses 16 days, and not 14 days (which is part of 3 work weeks and more than two statutory work weeks). As such, Mr. Fridman worked 24.5 hours the week of December 16, 2016 through December 18, 2016, 41.5 hours the week of December 19, 2016 through December 25, 2016, and 50.5 hours for the week of December 26, 2016 to December 31 , 2016, Mr. Fridman was paid 20.5 hours in overtime for this pay period. Thus, for this pay period, Mr. Fridman was paid for all ove1timc worked. A copy of the relevant timesheet evidencing same is attached as Exhibit C.

Mr. Fridman claims that, based on his pay slip, for pay period January 1, 2017 through January 15, 2017, he worked a total or 107 hours, of which 27 hours is statutory overtime. However, what Mr. Fridman does not realize is that this pay period encompasses 15 days, and not 14 days (which is 2 statutory work weeks, plus 1 day). As such, Mr. Fridman was paid as a holiday on January 1, 2017, worked 53 hours the week of January 2, 2016 through January 8, 2016, and 46 hours the week of January 9, 2017 through January 15, 2017. Mr. Fridman was paid 19 hours in overtime for this pay period. Thus, for this pay period, Mr. Fridman was paid for all overtime worked. A copy of the relevant timesheet evidencing same is attached as Exhibit D.

Mr. Fridman claims that, based on his pay slip, for pay period January 16, 2017 through January 31, 2017, he worked a total of 108.5 hours, of which 28.5 hours is statutory overtime. However, what Mr. Fridman does not realize is that this pay period encompasses 16 days, and not 14 days, which is 2 statutory work weeks, plus 2 days. As such, Mr. Fridman worked 49.5 hours the week of January 16, 2017 through January 22, 2017, 41.5 hours the week of January 23, 2017 through January 29, 2017, and 9 hours on January 30, 2017 and 85 hours on January 31, 2017. Mr. Fridman was paid 12.5 hours in overtime for this pay period. Thus, for this pay period, Mr. Fridman was paid

>           for all overtime worked. A copy of the relevant
>           timesheet evidencing same is attached as Exhibit
>           E.

(Collins Aff. ¶ 19-23, Exhibits A-E).

Plaintiff's argument that Defendants have only addressed one pay period (i.e., October 16-October 31) is not accurate. The Defendants have addressed each pay period identified by the Plaintiff and conclusively demonstrated that Plaintiff was paid properly for all overtime worked and that the allegations of unpaid overtime were based on a false premise.

### IV. Supplemental Jurisdiction over the NYLL Claim is Declined

Courts in this Circuit, in their discretion, decline to exercise supplemental jurisdiction where the court has dismissed all claims arising under federal law. *See Klein & Co. Fixtures v. Bd. Of Trade of City of New York*, 464 F.3d 255, 262 (2nd Cir. 2006) (It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state court claims.).

13

In his opposition, Plaintiff does not address the authority cited by Defendants but merely asserts that the state law claims must survive since "they derive from a ... nucleus of operative fact common to the jurisdiction conferring claim." While this may be true, Plaintiff fails to address whether the state law claims should proceed if the FLSA claims are dismissed. The Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and dismisses any remaining state court claims on the grounds that there is no independent jurisdictional basis for the Court to hear the claims.

## V. Conclusion

Based on the conclusions set forth above, the Defendants' Motion to dismiss the Amended Complaint is granted.

It is so ordered.

**New York, NY**
**March 4, 2019**

_____
**ROBERT W. SWEET**
**U.S.D.J.**

15